Argued and submitted January 24, affirmed May 25, petition for review denied September 6, 1994 (320 Or 110)

In the Matter of the Compensation of
John H. Hensley, Claimant.

## GEORGIA-PACIFIC CORPORATION,
*Petitioner,*

*v.*

## John H. HENSLEY,
*Respondent.*

(WCB 91-17455; CA A80868)

875 P2d 530

Jerry K. Brown argued the cause for petitioner. On the brief were Charles L. Lisle and Cummins, Brown, Goodman, Fish & Peterson.

Lynne W. McNutt filed the brief for respondent.

Before Deits, Presiding Judge, and Warren and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

Employer seeks review of an order of the Workers' Compensation Board affirming the referee's award of permanent partial disability (PPD). We affirm.

Claimant filed a workers' compensation claim alleging a binaural hearing loss, and he was determined to be medically stationary on June 12, 1991. Claimant had audiograms done by a number of doctors, including ones by Dr. Ediger on February 19, 1991, showing a 6.25 percent loss, Dr. Hiatt on June 12, 1991, showing a 10.25 percent loss, and Dr. Hurbis on September 16, 1991, showing a 23.25 percent loss. The claim was closed, and claimant received a scheduled award for a 10.25 percent loss of hearing in the left ear. On reconsideration, the closure was affirmed. Claimant requested a hearing, and the matter was submitted to the referee for decision on the documentary record. The referee granted a scheduled award of 23.25 percent, the Board affirmed and employer seeks review.

Employer argues that OAR 436-35-250 requires reversal. That rule provides, in part:

"(3) Compensation for hearing loss shall be based on an audiogram performed within 6 months of the medically stationary date, which shows the highest levels of retained hearing."

Employer asserts that Ediger's exam shows "the highest levels of retained hearing" and, therefore, claimant should have been granted an award of only 6.25 percent. Employer would be correct if OAR 436-35-250(3) were the only provision governing the award of compensation. However, OAR 436-35-250(3) was promulgated under the authority of ORS 656.726(3)(f), which requires that any standards established by rule must also comply with the other provisions of ORS 656.726(3)(f). One of those is ORS 656.726(3)(f)(B), which provides that "[i]mpairment is established by a preponderance of medical evidence based upon objective findings." Reading the rule in conjunction with the statutory provision, the rule establishes a *prima facie* determination of what establishes "a preponderance of medical evidence" in a hearing loss case. However, the rule does not preempt the referee from performing the statutory duty to determine the level of

impairment by a preponderance of medical evidence. In this case, the referee found that claimant had suffered a 23.25 percent hearing loss. That finding is supported by the evidence. Accordingly, we affirm the Board's order.

Affirmed.